FILED

OCT 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 12-30391 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00180-EJL-2 |
| v. | |
| SAMUEL THOMAS GEREN JONES, AKA Tommy Jones, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 6, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Samuel G. Jones appeals his conviction for a violation of the Interstate

Transportation in Aid of Racketeering Act, 18 U.S.C. § 1952(a)(1), and 19 counts

of wire fraud under 18 U.S.C. §1343. Jones argues that his conviction should be

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reversed because (1) the district court erred by allowing witnesses to testify as to statements by Travis Sneed without first finding that the statements were made in furtherance of a scheme to defraud; (2) the district court erred by refusing to admit Sneed's plea agreement into evidence; and (3) the government adduced insufficient evidence that Jones knowingly participated in the second scheme to defraud. We affirm Jones's conviction.[1]

**1.** When a party disputes the preliminary facts relevant to a Rule 801(d)(2)(E) evidentiary offering, the offering party must prove them by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The government must show by a preponderance of the evidence that (1) a conspiracy or scheme existed at the time the statement was made; (2) the defendant had knowledge of and participated in the conspiracy or scheme; and (3) the statement was made in furtherance of the conspiracy or scheme. *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000). Also, there must be some additional proof of the scheme apart from the statement sought to be introduced.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

*Silverman*, 861 F.2d at 578; *United States v. Stapleton*, 293 F.3d 1111, 1116–18 (9th Cir. 2002) (analogizing co-conspirator liability and co-schemer liability).

Here, there was ample evidence, apart from the out-of-court statements by Sneed, that Jones was a participant in the scheme. In addition to evidence that Jones and Sneed were together most of the time, Dawn Forest testified that she spoke regularly with Jones and Sneed regarding the redevelopment of her property. Moreover, there was evidence that Jones was present at the closing of the loan, was aware of large deposits into his bank account, and purchased cashier's checks to pay creditors in one of the schemes. Furthermore, the district court did find, as required by *Bourjaily,* that Jones and Sneed participated in a scheme to defraud on the basis of the indictment, evidence of aiding and abetting, and Jones's adoption by silence. The government presented sufficient evidence of the schemes and the district court made a reasonable determination that the schemes existed. Accordingly, Sneed's statements were properly admitted.

**2.** It is well established that a co-defendant's plea agreement may not be introduced for the purpose of substantively proving guilt, *see United States v. Halbert*, 640 F.2d 1000, 1006-07 (9th Cir. 1981). Here, Jones sought the introduction of Sneed's plea agreement to show his innocence. In *United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002), we held that a district court may

3

properly exclude, under Federal Rule of Evidence 403, a plea agreement offered for the purpose of establishing the government's belief in a person's innocence. We noted that many factors influence the government's decision to plea bargain and that admitting a co-defendant's plea agreement could confuse the issue or mislead the jury. *Id.* We noted that review of such an evidentiary ruling is for abuse of discretion. *Id*. at 1152.

The district court did not abuse its discretion in excluding Sneed's plea agreement. The plea agreement was specific only to Sneed and to the three counts with which he was charged. Jones went to trial on 20 counts based on a much broader factual record. Moreover, Sneed testified extensively at Jones's trial about his role in the scheme. His testimony was in no way inconsistent with his plea agreement and he repeatedly disavowed Jones's knowledge of his fraudulent purpose. The district court reasonably concluded that Sneed's plea agreement had low probative value and its admission would "run the risk of misleading the jury as to the content and breadth of that plea agreement."

**3.** Jones asserts that the government adduced insufficient evidence that he participated in the second scheme to defraud and that the prosecutor misleadingly referred to one scheme rather than two schemes during his closing argument. Neither argument merits relief.

4

There was more than enough evidence to support the determination that Jones was involved in the computer scheme. This included evidence that Jones was in charge of the bank account which received $670,000 of fraudulently-obtained funds, purchased cashier checks to pay two of the participants in the computer scheme, and knew that Sneed had no independent source of income.

The jury instructions made several references to "a scheme" or "the scheme" rather than to the two schemes, but Jones raised no objection to the instructions in the trial court. Thus, we review his claim for plain error. *United States v. Chhun*, 744 F.3d 1110, 1119 (9th Cir. 2014). We find no plain error in the instructions. Furthermore, even if there were plain error, it did not "seriously affect[] the fairness, integrity or public reputation of [the] proceedings." *United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013) (internal quotation omitted).

**AFFIRMED**.